**BRILL LEGAL GROUP, P.C.**

Tel: (888) 315-9841 | www.brill-legal.com

Peter E. Brill
David Gray
Mitchell Hirsch*
Rita Bonicelli*
Matthew Haicken*
James Moschella*
*Of Counsel

April 1, 2020

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

The Government is directed to respond by 5:00 p.m. on April 3, 2020.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge
April 2, 2020

Re: *USA v. Patrick Daly*
16 Cr. 281 (PGG)

Dear Judge Gardephe:

    I represent Patrick Daly, who is at the Queens GEO facility, finishing his sentence. I write to request that the Court grant him compassionate release due to his worsening health and the danger he faces from continued incarceration.

    On August 12, 2019, the Court imposed a sentence of four years' imprisonment on each of two counts, to run concurrently, giving Mr. Daly just under one additional year in custody post-sentencing. Given the safety considerations after Mr. Daly had cooperated and testified in his codefendants' trial, the decision was made to have him remain at the GEO facility on a writ, rather than allow him to be designated to a BOP facility.

    Mr. Daly has an anticipated release date of July 5, 2020, approximately 94 days from today. Had he been designated to a BOP facility, he would likely have been released to community confinement in or around January of this year. Given his status at GEO, this type of release was not possible without court intervention, and Mr. Daly did not ask me to make any such request.

    However, given the ever-worsening COVID-19 pandemic, and the fact that Mr. Daly has three months left on his sentence, I am writing to respectfully request that this Court reduce Mr. Daly's term of imprisonment under 18 U.S.C. §3582(c)(1)(A). I have spoken with the government about this request, and was told that the office would consider my request but would not have an immediate response. Due to the exigency of the circumstances, I am submitting this letter now rather than waiting for that process to reach its conclusion.

    As you may have heard, GEO has three staff members who have tested positive, three units under lockdown quarantine and three inmates awaiting test results. Anecdotally, I have heard that other inmate exhibiting minor symptoms are being told to "shut up" and return to their housing units rather than being tested. Even before the latest news, conditions at GEO were lax at best. As the infection rate in New York State skyrocketed, the GEO Group failed to provide inmates with basic supplies for virus prevention. Outside staff come in and out of the housing units with no safety equipment whatsoever, potentially exposing entire units to the virus. There are no virus-prevention protocols in place.

306 Fifth Avenue
Penthouse
New York, N.Y. 10001

64 Hilton Avenue
Hempstead, N.Y. 11550

150 Motor Parkway
Suite 401
Hauppauge, N.Y. 11788

More importantly here, Mr. Daly was just diagnosed with bronchitis after X-Rays were taken at the facility. He had been examined by the facility's doctor just before the outbreak and was told he was likely to be diagnosed with Chronic Obstructive Pulmonary Disorder (COPD), a lung disease characterized by chronic obstruction of lung airflow that interferes with normal breathing. However, the warden has refused to allow any outside hospital visits in a (likely futile) effort to avoid incoming contagion, so the diagnosis is pending additional testing. Mr. Daly has been having difficulty breathing at various times, including when lying down.

The Court is aware of Mr. Daly's other health issues from our prior submissions, At age 58, he is also at higher risk than most other inmates if he were to contract the virus.

Inmates may be at a heightened risk of contracting COVID-19 should an outbreak develop. *See, e.g.*, Joseph A. Bick, *Infection Control in Jails and Prisons*, 45 Clinical Infectious Diseases 1047, 1047 (Oct. 2007), https://doi.org/10.1086/521910 (noting that in jails "[t]he probability of transmission of potentially pathogenic organisms is increased by crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, [and] insufficient infection-control expertise"); *see also* Claudia Lauer & Colleen Long, *US Prisons, Jails On Alert for Spread of Coronavirus*, Associated Press (Mar. 7, 2020). The magnitude of this risk continues to grow as the number of cases in New York City and State rises exponentially with each passing day. *See* Andrew Cuomo (@NYGovCuomo).

Given the unprecedented and extraordinarily dangerous situation COVID-19 presents, I move this Court for compassionate release. Specifically, I ask the Court to reduce Mr. Daly's term of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because "extraordinary and compelling reasons warrant such a reduction." This provision, as modified by the First Step Act of 2018, empowers the Court to grant compassionate release "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The Court should deem the exhaustion/30-day requirement met because the BOP and GEO have known about the risk of COVID-19 for more than 30 days and have failed to adequately protect the health of the inmates in their care. In the alternative, the Court should waive the exhaustion/30-day requirement because of the exigency of this request, and because exhaustion in this case would prove futile, as Mr. Daly is not in a BOP facility and cannot exhaust his administrative remedies available to similarly-situated BOP inmates.

Should the Court grant this application, it is again our intention to work to have Mr. Daly placed in a Veterans Administration-affiliated housing program such as Beacon House, which can provide him with the medical and mental health support he needs while he serves the remainder of his time on supervised release. This was our proposal at sentencing as well.

Thank you for your consideration.

Respectfully submitted,

Peter E. Brill